# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR08-60-LRR |
| vs. | **ORDER** |
| ERIC DION OWENS, | |
| Defendant. | |

The matter before the court is the defendant's motion to reconsider (docket no. 105). The clerk's office filed such motion on March 9, 2012. On February 10, 2012, the court determined that the defendant was not eligible for relief under 18 U.S.C. § 3582(c)(2) because the defendant is subject to a statutorily required minimum sentence. *See* Order (docket no. 103). At the time the defendant committed the offense, 21 U.S.C. § 841(b)(1)(A) provided that a twenty-year mandatory minimum sentence applied if the offense involved 50 grams or more of crack and the defendant had a prior conviction for a felony drug offense.[1] The defendant states nothing in the instant motion that leads the court to a different conclusion regarding his eligibility for a sentence reduction. Accordingly, the defendant's motion is denied.

**IT IS SO ORDERED.**

---

[1] The court notes that, pursuant to the Fair Sentencing Act ("FSA"), 21 U.S.C. § 841(b)(1)(A) has since been amended and, effective August 3, 2010, the twenty-year mandatory minimum sentence is not implicated unless the offense involves 280 grams or more of crack. The Eighth Circuit Court of Appeals, however, has held that the FSA is not retroactive. *See United States v. Sidney*, 648 F.3d 904, 910 (8th Cir. 2011).

**DATED** this 12th day of March, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA